IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA KOLACZKOWSKI,            )
                              )
            Plaintiff,        )
                              )
    v.                        )    No.  13 C 3086
                              )
MENARD, INC.,                 )
                              )
            Defendant.        )

MEMORANDUM ORDER

Because of the all-too-frequent noncompliance by counsel with the directive of this District Court's LR 5.2(f) that requires the delivery of a paper copy of new case filings for the assigned judge's use within one business day after filing, this Court initially amended its website to emphasize that requirement. When that step failed its purpose (a failure that is entirely understandable, because practitioners who consult judicial websites are also the lawyers most likely to be aware of and to comply with court rules), this Court was driven to the next step: It adopted a practice of issuing a standard form of memorandum order that specifically called on counsel to comply with LR 5.2(f) and to accompany the required delivery with a $100 check payable to the "Clerk of the District Court."

For that purpose this Court has worked from periodic printouts of the "Civil Cases Report" issued by the Clerk's Office reflecting cases most recently assigned at random to this Court's calendar, with the short form of memorandum order being

issued only in those cases in which no judge's copy of the initial pleading had been delivered to this Court's chambers. And because that Civil Cases Report simply lists the case filings without indicating that a case may have been brought to this District Court via removal rather than as an original filing, the standard form of memorandum order mistakenly called on the plaintiff's counsel rather than defense counsel to comply. That error has, however, been taken care of by the parties themselves, because this Court has now been provided with the $100 check as well as copies of the Notice of Removal and the Answer by defendant Menard, Inc. ("Menard").

In the latter respect, two paragraphs of the Answer need to be recast:

1. Answer ¶1 fails to track the straightforward language of Fed. R. Civ. P. ("Rule") 8(b)(5), which permits a responding defendant to disclaim either admitting or denying an allegation by a plaintiff (see App'x ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)). In addition, the required recasting of that paragraph must omit the meaningless demand for "strict proof," whatever that may be.

2. Answer ¶4 does not comply with the requirement of Rule 8(b)(1)(B) and 8(b)(4), which call for adherence to the federal principle of notice pleading that requires the

pleader to make plain what matters are in issue or not in issue between litigants.  If Complaint ¶4 is viewed by Menard as partly accurate and partly inaccurate, it will not do to simply "admit[ ] all duties imposed by law" and leave it at that.

Accordingly Menard is ordered to file an amendment to its Answer (<u>not</u> a fully rewritten Amended Answer) curing the deficiencies in Answer ¶¶1 and 4.  This Court is also contemporaneously issuing its customary initial scheduling order (in that regard, counsel for both parties would do well to consult this Court's website to familiarize themselves with this Court's procedures).

```
                         _____
                         Milton I. Shadur
                         Senior United States District Judge
```

Date:  May 10, 2013